UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>upon the relation and for the use of the<br>TENNESSEE VALLEY AUTHORITY<br>Plaintiff<br><br>v.<br><br>AN EASEMENT AND RIGHT-OF-WAY<br>OVER 5.96 ACRES OF LAND, MORE OR<br>LESS IN MONTGOMERY COUNTY,<br>TENNESSEE, and<br>BETTY D. MAYNARD<br>Defendants | Civil Action No. 3:07-cv-01013<br>Judge Wiseman |

## JUDGMENT AND ORDER DISBURSING FUNDS

This action came on to be considered, and it appears to the Court, as evidenced by the signatures below, that the parties have agreed to resolve this action as hereinafter provided.

It is, therefore, Ordered and Adjudged that:

1. The Defendant shall recover of Plaintiff $293,000 as full compensation for the taking of the easement and right-of-way herein condemned, which amount has been deposited by Plaintiff with the registry of this Court in this action, of which amount $92,000, together with interest earned thereon, has been disbursed to the Defendant by prior order of this Court (DN 13), leaving a balance of $201,000 on deposit in this action, the disbursement of which is provided for in paragraph 2 below.

2. The Clerk of this Court is authorized and directed to draw a check on the funds on deposit in the registry of this Court in the principal amount of $201,000 payable to Betty D. Maynard, in full satisfaction of this Judgment and Order Disbursing Funds (Judgment), and to

1

mail said check to Clark H. Tidwell, Esq., Lassiter, Tidwell, Davis, Keller & Hogan, PLLC, 150 Fourth Avenue North, One Nashville Place, Suite 1850, Nashville, Tennessee 37219-2408.

3.  The vesting of title in the United States of America, free of all liens, claims, and encumbrances, as evidenced by the Declaration of Taking filed herein on October 11, 2007 (DN 2), is hereby fully and finally confirmed with respect to the easement and right-of-way described below (said description being the same as Attachment 1 to the Declaration of Taking filed herein):

> A permanent easement and right-of-way, consisting of the perpetual right to enter and to erect, maintain, repair, rebuild, operate, and patrol lines of transmission line structures with sufficient wires and cables for electric power circuits and communication circuits, and all necessary appurtenances, in, on, over, and across said right-of-way, together with the right to clear said right-of-way and keep the same clear of all trees, brush, buildings, signboards, billboards, stored personal property, and fire hazards, to destroy or otherwise dispose of such trees and brush, to prevent the drilling or sinking of wells within the right-of-way, and to remove, destroy, or otherwise dispose of any trees located beyond the limits of said right-of-way which in falling could come within ten feet of any transmission line structure or conductor located thereon, the Tennessee Valley Authority to remain liable for any direct physical damage to the land, annual crops, fences, and roads resulting directly from the operations of the construction and maintenance forces of the Tennessee Valley Authority and its contractors in and about the erection and maintenance thereof, all upon, under, over, and across the following-described land:
>
> TRACT NO. CMT-156
>
> A parcel of land located in the Tenth Civil District of Montgomery County, State of Tennessee, as shown on a map entitled "Cumberland-Montgomery Transmission Line," drawing LW-8429, sheet P7, R.2, the portion of said map which shows said parcel of land being attached to the Declaration of Taking filed herein, said parcel being more particularly described as follows:
>
> Commencing at a point which is a common corner in the lands of Betty D. Maynard, Gon Huh, et ux., and Raymond N. Foust, et ux., the said point being on a fence line; thence leaving the said common corner and the said fence line and with the property line between Betty D. Maynard and Gon Huh, et ux., S. 70° 59' 00" E., 236.18 feet to a point on the northwest right-of-way line of the transmission line location, the said point being the POINT OF BEGINNING.

Thence leaving the point of beginning and the said property line and with the said northwest right-of-way line of the location N. 23° 55' 01" E., 540.81 feet to a point diametrically opposite an angle point in the centerline of the location at survey station 1595+20.71; thence with the west right-of-way line of the location N. 05° 41' 44" E., 1,469.01 feet to a point on the property line between Betty D. Maynard and Patricia Reed; thence leaving the said west right-of-way line of the location and with the said property line S. 80° 31' 15" E., 79.99 feet to a point which is a 1/2-inch rebar 7.68 feet left of the centerline of the location at survey station 1609+98.48; thence continuing with the said property line N. 42° 33' 03" E., 54.49 feet, crossing the centerline of the location at survey station 1610+08.7 (12.81 feet), to a point on the east right-of-way line of the location, the said point being S. 42° 33' 03" W., 155.32 feet from a point, the said point being a 1/2-inch rebar which is a common corner in the lands of Betty D. Maynard, Patricia Reed, and State of Tennessee (Highway 41A); thence leaving the said property line and with the said east right-of-way line of the location S. 05° 41' 44" W., 1,525.37 feet to a point; thence continuing with the said east right-of-way line of the location S. 14° 18' 36" E., 101.01 feet to a point; thence with the southeast right-of-way line of the location S. 23° 55' 01" W., 464.50 feet to a point on the aforementioned property line between Betty D. Maynard and Gon Huh, et ux.; thence leaving the said southeast right-of-way line of the location and with the said property line N. 70° 59' 00" W., 175.64 feet, crossing the centerline of the location at survey station 1589+73.4 (87.82 feet), to the point of beginning and containing 5.96 acres, more or less.

Recording Information: Record landowner as of the date of the filing of the Declaration of Taking — Betty D. Maynard (Volume 592, pages 1290 and 1293, and Volume 856, page 1661) – tax map 87, parcel 31.01

4. The Clerk of this Court shall furnish to Plaintiff a certified copy of this judgment which shall serve as a muniment of title.

It is so ORDERED.

_____
United States District Judge